IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSE CORPORATION,

       *Plaintiff,*

   v.                           C.A. No. 1:09-cv-11479-PBS

JOHN NEHER, et al.,

       *Defendants.*

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR ENTRY OF DEFAULT JUDGMENTS**

Plaintiff Bose Corporation ("Bose"), by its attorneys, submits this Memorandum of Law in support of its Motion for Entry of Default Judgments, and specifically, in support of its request for entry of a permanent injunction against the named defaulting Defendants.

I.      PROCEDURAL HISTORY

Bose commenced this action by filing a Summons and Complaint with the Office of the Clerk of this Court on September 4, 2009. The Summons and Complaint were served on the Defendants in accordance with the laws of the Commonwealth of Massachusetts.

More than 20 days have passed since service of the Summons and Complaint, and the Defendants have not filed an Answer or other responsive pleading. The Clerk of this Court has issued Notations of Default, and Plaintiff now moves for a judgment of default and injunctive relief.

II.      LEGAL ARGUMENT

A.      Defendant's Default Deems All Well-Pleaded Allegations Admitted.

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, the Court may enter a default judgment against a party who "has failed to plead or otherwise defend" an action.[1] "A defendant's default is deemed an admission of all well-

---

[1] Fed. R. Civ. P. 55 provides, in pertinent part:

(a) **Entry.** When a party against who a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) **Judgment.** Judgment by default may be entered as follows:

\* \* \* \* \*

(2) **By the Court**. In all other cases the party entitled to a judgment by default shall apply to the court therefor… If the party against who judgment by default is sought has appeared in the action, the party

2

pleaded allegations in the complaint pertaining to liability" but not those relating to damages. *Rates Technology Inc. v. Redfish Telemetrix, Inc.*, 2001 U.S. Dist. LEXIS 23246 at *8 (E.D.N.Y. 2001) (citing *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir. 1993)); *Entertainment by J&J, Inc. v. Mama Zee Restaurant & Catering Services, Inc.*, 2002 U.S. Dist. LEXIS 13686 *3-4 (E.D.N.Y. 2002) (citing *Greyhound Exhibit Group, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). *See also Au Bon Pain Corp. v. Artect Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

B. Plaintiff Is Entitled To Injunctive Relief

As described above, the Complaint in this action seeks injunctive relief, attorneys' fees, monetary damages (including statutory damages) and costs.

Bose only seeks an injunction prohibiting the named defaulting Defendants from infringing Bose marks.

A party seeking an injunction must show: "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor."

---

… shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

*Waddington North America Business Trust v. EMI Plastics, Inc.*, 2002 U.S. Dist. LEXIS 16634 *3 (E.D.N.Y. 2002) (citing *Random House, Inc. v. Rosetta Books LLC*, 283 F.3d 490, 491 (2d Cir. 2002)).[2]

Since a "defendant's default is deemed an admission of all well-pleaded allegations in the complaint pertaining to liability" (See *Cotton*, 4 F.3d at 181; *Greyhound Exhibit Group, Inc.*, 973 F.2d at 158; *Entertainment by J&J*, 2002 U.S. Dist. LEXIS at *3-4; *Rates Technology Inc.*, 2001 U.S. Dist. LEXIS at *8), and since the named defendants defaulted in this case, there is no question but that Plaintiff has established that an injunction is warranted in this case.

WHEREFORE, Plaintiff Bose Corporation respectfully requests that its motion be granted.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: January 10, 2011                    /s/ Charles Hieken

---

[2] The standard for a permanent injunction is essentially the same as for a preliminary injunction, except that plaintiffs must actually succeed on the merits. *Henrietta D. v. Giuliani*, 118 F. Supp.2d 181, 204 (E.D.N.Y. 2000) (citing *Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987).

Charles Hieken, BBO No. 233,640
Attorneys for Plaintiff Bose Corporation
One Marina Park Drive
Boston, MA  02210
Telephone:  (617) 542-5070
Facsimile:  (617) 542-8906

## CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 10th day of January 2011.

                                        /s/ Andrea Lanno
                                        Andrea Lanno